29 F.3d 442
 MINNESOTA PESTICIDE INFORMATION AND EDUCATION, INC.,
Plaintiff-Appellant,
v.
Michael ESPY, Secretary of Agriculture; F. Dale Robertson,
Chief, United States Forest Service; Floyd J.
Marita, Regional Forester for Region 9,
United States Forest Service,
Defendants-Appellees.
 No. 93-2653.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1994.
Decided July 13, 1994.
Rehearing Denied Aug. 15, 1994.
 
 William P. Pendley, Denver, CO, argued (John Nelson and Todd Welch, Denver, CO, Mark F. Ten Eyck and Peter Tester, Minneapolis, MN, on the brief), for appellant.
 Friedrich A.P. Siekert, Minneapolis, MN, argued, for appellees.
 Before MAGILL, Circuit Judge, and FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Minnesota Pesticide Information and Education, Inc. ("MPIE") appeals the district court's[1] dismissal of its suit against the Department of Agriculture, the United States Forest Service, and various officials from these agencies (collectively referred to as "the Forest Service"). We affirm.
 
 I. BACKGROUND
 
 2
 Prior to 1990, the United States Forest Service used herbicides when necessary to control vegetation in the Lake States National Forests. On those occasions when herbicides were used, the Forest Service prepared an Environmental Impact Statement ("EIS") as required by the National Environmental Policy Act, 42 U.S.C. Secs. 4331-4334 (1988) ("NEPA"). In 1990, the Forest Service decided it would not use herbicides in the forests and, accordingly, decided not to prepare an EIS examining the environmental impacts of their use. MPIE filed suit alleging that NEPA required the Forest Service to prepare an EIS before it decided not to use herbicides in the forests. The district court determined both 1) that MPIE had failed to state a claim for which relief could be granted and 2) that it lacked subject matter jurisdiction because the Forest Service's decision was not a "major Federal action" within the meaning of 42 U.S.C. Sec. 4332(C). MPIE appeals.
 
 II. DISCUSSION
 
 3
 NEPA requires preparation of an EIS whenever an agency proposes "major Federal action[ ] significantly affecting the quality of the human environment...." 42 U.S.C. Sec. 4332(C) (1988). MPIE contends that the Forest Service's decision to not use herbicides constitutes an action because the decision constitutes a change in the Forest Service's former policy, and a change in policy constitutes an action. 40 C.F.R. Sec. 1508.18(a) (1993). We disagree because MPIE's view mischaracterizes the nature of the Forest Service's decision and trivializes NEPA by seeking to implicate its mandate in everyday decisions regarding agency functions and operations instead of to "major Federal actions" as called for by the statute.
 
 
 4
 In the past, when it became necessary to control vegetation, the Forest Service elected to use herbicides to accomplish that task. No statute, regulation, or policy required the use of herbicides to control vegetation. The method of control was a matter for the Forest Service to decide, and the fact that it elected to use herbicides in the past did not constitute or create a policy to do so, nor did it obligate the Forest Service to choose to use herbicides in the future. On this occasion, the Forest Service has decided not to use herbicides to control vegetation in the Lake States National Forests. This is not a decision to do something; rather, it is a decision to not do something (namely, apply herbicides), which does not trigger NEPA's requirements that an EIS be prepared. E.g., Kleppe v. Sierra Club, 427 U.S. 390, 405-06, 96 S.Ct. 2718, 2728, 49 L.Ed.2d 576 (1976) (agency must prepare an EIS when it proposes federal action); Defenders of Wildlife v. Andrus, 627 F.2d 1238, 1244 (D.C.Cir.1980) ("if the agency decides not to act, and thus not to present a proposal to act, the agency never reaches a point at which it need prepare an impact statement."); Committee for Auto Responsibility v. Solomon, 603 F.2d 992, 1002-03 (D.C.Cir.1979), cert. denied, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 599 (1980)). The Forest Service may have decided to exclude herbicides as a method of vegetation control, but until it actually decides upon an alternative method there is no proposal or action to which NEPA can apply.
 
 
 5
 At oral argument, MPIE conceded that if the Forest Service opts to do nothing about the vegetation growth in the forests, NEPA would not be implicated because the Forest Service would have chosen a course of inaction instead of a course of action. MPIE fails to acknowledge that until the Forest Service decides to adopt some method of controlling the vegetation, it has effectively elected a course of temporary inaction. MPIE also contended at oral argument that the Forest Service has chosen to control vegetation through the use of burning, mowing, and "other alternative forms" of vegetation control. However, MPIE's complaint does not allege that the Forest Service has chosen to control vegetation through the use of burning or mowing. In fact, the complaint does not even discuss burning, and the only mentions of mowing are a contention that there is a "threat of human injuries or death caused by decreased visibility along roads and accidents occurring during mechanical mowing operations" and an allegation about the monetary costs of mowing. There is no allegation that the Forest Service has actually proposed burning, mowing, or any other action; accordingly, there is no basis for judicial intervention.[2]
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 At oral argument, MPIE invoked the liberal standards of notice pleading to contend that it had sufficiently pleaded that the Forest Service had made a final decision with regard to vegetation control. The attempt is unavailing. Even under notice pleading, a plaintiff is required to plead the basis for his action; in this case, the basis for the action is the agency decision or proposal for action implicating NEPA. Moreover, MPIE's complaint consistently characterizes the agency action at issue as the "decision" to not use herbicides, not the decision to use an alternative method of vegetation control